1
2
3
4
5
6                    IN THE UNITED STATES DISTRICT COURT
7
8                   FOR THE NORTHERN DISTRICT OF CALIFORNIA

9   SELF-INSUREDS' SECURITY FUND,
10        Plaintiff,                              No. C 06-02828 JSW
11   v.                                           **NOTICE OF TENTATIVE RULING AND QUESTIONS FOR HEARING**
12   GALLAGHER BASSETT SERVICES, INC.
13        Defendant.
                                            /
14

15        TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE

16   NOTICE OF THE FOLLOWING TENTATIVE RULING AND QUESTIONS FOR THE

17   HEARING SCHEDULED ON JANUARY 26, 2007, AT 9:00 A.M.:

18        The Court has reviewed the parties' memoranda of points and authorities and, thus, does

19   not wish to hear the parties reargue matters addressed in those pleadings.  If the parties intend to

20   rely on legal authorities not cited in their briefs, they are ORDERED to notify the Court and

21   opposing counsel of these authorities reasonably in advance of the hearing and to make copies

22   available at the hearing.  If the parties submit such additional authorities, they are ORDERED to

23   submit the citations to the authorities only, without argument or additional briefing.  *Cf.* N.D.

24   Civil Local Rule 7-3(d).  The parties will be given the opportunity at oral argument to explain

25   their reliance on such authority.

26        The Court **tentatively GRANTS** Defendant's motion.

27        The parties each shall have fifteen (15) minutes to address the following questions:

28

**United States District Court**
For the Northern District of California

1. 
   a. Does Defendant concede that Plaintiff has plead facts to show that it has been injured in fact by the alleged conduct regarding HomeBase?

   b. If so, why are those facts not sufficient to establish the standing requirements under Section 17200, *i.e.* why is the question of whether Plaintiff ultimately will be entitled to the remedy it seeks not better addressed on summary judgment?

   c. The Court notes Plaintiff's reliance on *Isuzu Motors, Ltd. v. Consumers Union of United States*, 12 F. Supp. 2d 1035 (C.D. Cal. 1998), and that court's conclusion that the question of whether the plaintiff had an adequate remedy at law was best addressed on summary judgment. *Id.* at 1049 n.5. That case arguably involved conduct that could have affected the plaintiff's good will and reputation. In this case, damages do seem to be an adequate remedy with respect to plaintiff's allegations. Thus, what facts set forth in the Amended Complaint pertain to Plaintiff's claim that the alleged injury is irreparable, and what additional facts, if any, could Plaintiff alleged to show that the alleged injury is irreparable?

2. On whose behalf is Plaintiff seeking injunctive relief, *i.e.* is it Plaintiff's contention that it is seeking injunctive relief on behalf of the general public and, therefore, it need not allege that it would suffer irreparable injury?

   a. If it is Plaintiff's contention that it is acting on behalf of the general public, why does Plaintiff's subrogation argument not undermine the assertion that the facts set forth in the Amended Complaint would support a finding that the public is irreparably harmed by Defendant's alleged conduct?

3. Plaintiff contends that there are no procedures for the DIR to review the conduct of TPAs, but Defendant points to the DIR website, which shows that TPAs, including Defendant, have been audited on a regular basis.

   a. Given that it appears the DIR does regulate and/or monitor the conduct of TPAs, why could the alleged future harm to Plaintiff not be remedied by the revocation of Defendant's certificate to administer on the grounds set forth in Cal. Labor Code §§ 3702(a)(4) or 3702(a)(5)?

   b. What is Plaintiff's best argument that the Court would not be required to adjudicate matters within the particular expertise of the DIR, such that the Court should not exercise its discretion to stay the 17200 claim, pending a referral of the dispute to the DIR? *See, e.g., South Bay Creditors' Trust v. General Motors Acceptance Corp.*, 69 Cal. App. 4th 1068, 1081 (1999) (noting that court erred in dismissing then referring matter to New Motor Vehicle Board and suggesting that proper procedure would have been to stay action pending referral). Is there a procedure by which this Court can refer this aspect of the dispute to the DIR?

   c. Conversely, given that Defendant does not move to dismiss the remaining causes of action, what is Defendant's best argument that the Court needs the expertise of the DIR to resolve the dispute in this matter?

   d. Would Plaintiff admit that 8 Cal. Regs. § 15210.1(d), which permits the Manager of the DIR to require employers to post additional security deposit upon *inter alia* a finding of "a pattern of understated liabilities in

1         claim files," could address Defendant's alleged pattern and practice in this case? If not, on what basis would it support its position?

2     4.    Are there any other issues the parties which to address?

4 Dated: January 24, 2007

                            JEFFREY S. WHITE
                            UNITED STATES DISTRICT JUDGE

United States District Court

For the Northern District of California

3