IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SELF-INSUREDS' SECURITY FUND,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>GALLAGHER BASSETT SERVICES, INC.<br><br>　　　　Defendant.<br>_____/ | No. C 06-02828 JSW<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS FIFTH CLAIM FOR RELIEF WITH LEAVE TO AMEND; DISCHARGING ORDER TO SHOW CAUSE RE JURISDICTION** |

## INTRODUCTION

This matter comes before the Court upon consideration of the motion to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6), filed by Defendant Gallagher Bassett Services, Inc. ("Gallagher"). Gallagher moves to dismiss Plaintiff's fifth claim for relief, which alleges a violation of California Business and Professions Code Section 17200 ("Section 17200"). Having considered the parties' pleadings, relevant legal authority, and having had the benefit of oral argument, the Court HEREBY DENIES Gallagher's motion.

## BACKGROUND

On March 27, 2006, Plaintiff, Self Insureds' Security Fund ("the Fund") filed this action against Gallagher in San Francisco Superior Court. On April 25, 2006, Gallagher removed the action to this Court. On September 25, 2006, the Fund filed an Amended Complaint, in which it added a claim for relief under California Business and Professions Code § 17200. Gallagher now moves to dismiss the Section 17200 claim.

The Fund is a non-profit mutual benefit corporation established pursuant to California Labor Code § 3740, *et seq.* (Am. Compl. ¶ 7.) It was established to provide continuing workers compensation benefits in the event that an employer that has chosen to self-insure for workers' compensation claims defaults on its obligations. (*Id.*) Pursuant to California Labor Code § 3700, if an employer chooses to self-insure its workers' compensation claims, it must obtain a certificate of consent from the Director of the Department of Industrial Relations ("DIR"). Cal. Lab. Code § 3700(c). A private self-insurer also must post a security deposit, which "shall be 125 percent of the private self-insurer's estimated future liability for compensation to secure payment of compensation plus ten percent of the private self-insurer's estimated future liability for compensation to secure payment of all administrative and legal costs relating to or arising from the employer's self-insuring." *Id.* § 3701(b). The private self-insurer also must file annual reports detailing its liabilities. *Id.* § 3702.2. A private self-insurer also may retain a third-party administrator ("TPA"), such as Gallagher, to administer workers' compensation claims and to estimate liabilities for its annual reports. *See id.* § 3072.1.

According to the Fund, the purpose of the security deposit is to assure that payments of workers' compensation benefits are not interrupted in the event that a private self-insurer becomes insolvent (Am. Compl. ¶ 13.) If a private self-insurer does become insolvent, the Fund will accept management and payment responsibilities for the insolvent self-insurer, and the Fund may obtain the security deposit and seek other reimbursement from the insolvent self-insurer. (*Id.* ¶¶ 15-16.) The Fund also may seek reimbursement from any person who contributed to the under-estimation of a self-insurer's future liabilities. (*Id.* ¶ 17.) *See also* Cal. Lab. Code § 3744.

The Fund asserts that self-insurers "must use certain customary procedures and practices for estimating liabilities in the annual reports, because the Department of Industrial Relations relies on the annual reports (and any interim reports) to establish the exact of amount of the bond." (*Id.* ¶ 13.) If a private self-insurer engages a TPA, the Fund alleges that the TPA must "estimate the total accrued liability of a self-insurer 'both in good faith and with the exercise of a reasonable degree of care.'" (*Id.* ¶ 14 (quoting Cal. Lab. Code § 3702.1(d)).) The Fund further

|   |   |
|---|---|
| 1 | alleges that TPAs such as Gallagher must adhere to certain requirements for preparing estimates |
| 2 | of liability, as set forth in 8 Cal. Regs. § 15300.  (*Id.*) |
| 3 | The instant dispute arises out of the Fund's allegations that Gallagher underestimated the |
| 4 | amount of workers' compensation liabilities of House2Home f/k/a Home Base ("Home Base"), |
| 5 | a private self-insurer.  (*Id.* ¶¶ 18-19.)  The Fund alleges that Gallagher severely underestimated |
| 6 | Home Base's future worker's compensation liabilities in the Home Base 2000 Self-Insurer's |
| 7 | Annual Report.  The Fund also alleges that Gallagher did not comply with industry practices or |
| 8 | the requirements set forth in 8 Cal. Regs. § 15300 when it prepared that report.  (*Id.* ¶ 25.) |
| 9 | Subsequently, in 2001, Home Base filed for bankruptcy, and the Fund assumed responsibilities |
| 10 | for the management and payment of Home Base workers' compensation claims.  In so doing, |
| 11 | the Fund determined that the security deposit posted was not adequate to cover these claims. |
| 12 | (*Id.* ¶¶ 24-29.) |
| 13 | With respect to its Section 17200 claim, the Fund alleges that "Gallagher has engaged in |
| 14 | a pattern and practice of bidding and obtaining TPA agreements with California self-insureds |
| 15 | and then administering said contracts in a manner contrary to established regulations, practices |
| 16 | and procedures for estimating workers' compensation liabilities."  (*Id.* ¶ 53.)  The Fund |
| 17 | contends that this alleged pattern and practice "results in annual reports being filed with the DIR |
| 18 | that underestimate the workers' compensation liabilities of the self-insureds."  (*Id.*)  Although |
| 19 | the Fund uses Home Base as a specific example, the Fund also contends that it "is informed and |
| 20 | believes there are other self-insurers who are not insolvent but who, if they became insolvent |
| 21 | would be undersecured as a result of" Gallagher's conduct.  (*Id.* ¶ 54.) |

**ANALYSIS**

23 Gallagher moves to dismiss the Fund's Section 17200 claim on the ground that, *inter
24 alia*, the Fund does not have standing to pursue the claim and has not set forth facts that
25 demonstrate it would be entitled to relief under Section 17200.

1  **A.   Legal Standards on Rule 12(b)(6) Motion.**

A motion to dismiss is proper under Rule 12(b)(6) where the pleadings fail to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A motion to dismiss should not be granted unless it appears beyond a doubt that a plaintiff can show no set of facts supporting his or her claim. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *see also De La Cruz v. Tormey*, 582 F.2d 45, 48 (9th Cir. 1978). A court may dismiss a complaint under Rule 12(b)(6), based on the "lack of a cognizable legal theory" or based upon "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988).

In ruling on a Rule 12(b)(6) motion, the complaint is construed in the light most favorable to the non-moving party and all material allegations in the complaint are taken to be true. *Sanders v. Kennedy*, 794 F.2d 478, 481 (9th Cir. 1986). A court, however, is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged. *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). As a general rule, "a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994), *overruled on other grounds, Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002) (citation omitted).

**B.   The Fund Has Alleged Sufficient Facts to Show It Has Standing on Its Section 17200 Claim and Has Set Forth Facts Sufficient to State A Claim for Relief Under Section 17200.**

Although the Fund did not initiate this action in Federal court, having chose to amend its complaint to include the Section 17200 claim, it must establish that it has Article III standing to pursue that claim. *See Allen v. Wright*, 468 U.S. 737, 751 (1984). To establish Article III standing, a plaintiff must demonstrate (1) it has suffered a personal injury or suffers the threat of injury, (2) that the alleged injury is fairly traceable to the defendant's conduct, and (3) that the injury would likely be redressed by the requested relief. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61(1992). "Article III standing [also] requires an injury that is actual or imminent, not conjectural or hypothetical. In the context of injunctive relief, the plaintiff must

United States District Court
For the Northern District of California

4

1  demonstrate a real or immediate threat of an irreparable injury." *Clark v. City of Lakewood*, 259
2  F.3d 996, 1007 (9th Cir. 2001) (quoting *Cole v. Oroville Union High School*, 228 F.3d 1092,
3  1100 (9th Cir. 2000) (omitting internal quotations and citations)).

4  In order to bring a Section 17200 claim, "a plaintiff must show either an (1) 'unlawful,
5  unfair, or fraudulent business act or practice,' or (2) 'unfair, deceptive, untrue or misleading
6  advertising.'" *See Lippitt v. Raymond James Fin. Servs.*, 340 F.3d 1033, 1043 (9th Cir. 2004)
7  (quoting Cal. Bus. & Prof. Code § 17200). Remedies under Section 17200 generally are limited
8  to injunctive relief and restitution. *See, e.g., Cel-Tech Communications, Inc. v. Los Angeles
9  Cellular Telephone Co.*, 20 Cal. 4th 163, 179 (1999).

10  Gallagher contends that the injury alleged in this case is not imminent and is conjectural
11  because the Fund would be harmed *only* if other employers become insolvent in the future. The
12  Court concludes that the Fund has alleged sufficient facts to show it has standing to pursue the
13  Section 17200 claim. First, the Fund alleges that it has suffered an injury in fact by virtue of the
14  insufficient security deposit that was posted by Home Base. In addition, the Fund alleges that
15  Gallagher continues to do business in California and alleges, on information and belief, that
16  Gallagher engages in practices that result in the posting of insufficient security deposits. (Am.
17  Compl., ¶ 53.) Thus, the Fund alleges facts to show that it continues to be threatened with harm
18  if other employers become insolvent. These facts also establish that the alleged injury is
19  traceable to Gallagher's conduct, namely the alleged practices which lead to underestimated
20  liabilities and insufficient security deposits.

21  Gallagher is correct that, in large part, the Fund's injuries can be redressed by damages.
22  However, to the extent the Fund has been injured and is threatened with future injury because of
23  Gallagher's alleged unlawful business practices, that alleged injury also could be redressed by
24  enjoining Gallagher from engaging such practices. *See, e.g., Palmer v. Stassinos*, 348 F. Supp.
25  2d 1070, 1088 (N.D. Cal. 2004) (plaintiffs had standing to sue for injunctive relief, under
26  Section 17200, because injuries could be redressed by enjoining defendants from engaging in
27  the conduct, sending letters, that allegedly formed the unlawful business practices upon which
28

5

Section 17200 claim was based).[1]  For the foregoing reasons, the Court also finds that the Fund has set forth facts sufficient to state a claim under Section 17200.[2]

## CONCLUSION

For the foregoing reasons, Gallagher's motion is DENIED.  Finally, by this Order the Court HEREBY DISCHARGES the Order to Show Cause re jurisdiction.  The Court is satisfied by the Fund's assertion that the amount in controversy exceeds $75,000.00.

**IT IS SO ORDERED.**

Dated: February 2, 2007

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

United States District Court
For the Northern District of California

---

[1] The district court in *Palmer* subsequently reconsidered its order and dismissed the Section 17200 claims because the plaintiff had not lost money or property as a result of the alleged violations and, thus, could not meet the standing requirements of Cal. Bus. & Prof. Code § 17535. *See Palmer v. Stassinos*, 419 F. Supp. 2d 1151, 1157 (N.D. Cal. 2005). There is no dispute that the Fund has alleged that it has lost money as a result of Gallagher's alleged violations.

[2] Gallagher also moves to dismiss on the grounds that: (1) the Court should abstain from deciding the Section 17200 claim because there are administrative procedures in place to resolve the dispute; and (2) the Court should dismiss based on the primary jurisdiction doctrine.  The Court DENIES the motion to the extent it rests on these grounds.  Under the primary jurisdiction doctrine, the appropriate remedy would be to stay, rather than dismiss, the claim.  *See, e.g., Johnathan Neil & Assocs. v. Jones*, 33 Cal. 4th 917, 935 (2004).  In addition, given the nature of the other four claims, which Gallagher has not moved to dismiss, the Court concludes that the expertise of the DIR is not required to resolve the Section 17200 claim.