1

2

3

4

5

6            IN THE UNITED STATES DISTRICT COURT

7

8          FOR THE NORTHERN DISTRICT OF CALIFORNIA

9 SELF-INSURED'S SECURITY FUND,

10       Plaintiff,                 No. C 06-02828 JSW

11   v.                        **ORDER DENYING MOTION FOR LEAVE TO FILE MOTION FOR**

12 GALLAGHER BASSETT SERVICES,       **RECONSIDERATION AND SETTING BRIEFING SCHEDULE**

13       Defendant.              **ON MOTION TO CERTIFY FOR INTERLOCUTORY APPEAL**

14

15 _____/

16      This matter comes before the Court upon consideration of Defendant Gallagher Bassett

17 Services' ("Gallagher") motion for leave to file a motion for reconsideration of this Court's

18 Order denying its motion to dismiss.

19      A motion for reconsideration may be made on one of three grounds: (1) a material

20 difference in fact or law exists from that which was presented to the Court, which, in the

21 exercise of reasonable diligence, the party applying for reconsideration did not know at the time

22 of the order; (2) the emergence of new material facts or a change of law; or (3) a manifest

23 failure by the Court to consider material facts or dispositive legal arguments presented before

24 entry of the order. Civ. L.R. 7-9(b)(1)-(3). In addition, the moving party may not reargue any

25 written or oral argument previously asserted to the Court. Civ. L.R. 7-9(c).

26      Gallagher premises its motion on the third basis and argues that it was not permitted to

27 brief or address the Court's reliance on *Palmer v. Stassinos*, 348 F. Supp. 2d 1070 (N.D. Cal.

28 2004), authority that was available to the parties when they briefed the motion to dismiss.

**United States District Court**

For the Northern District of California

<div style="float:left">**United States District Court**
For the Northern District of California</div>

1    Gallagher correctly notes that the court in *Palmer* reconsidered its decision and

2  dismissed the plaintiff's Section 17200 claim.  However, as this Court noted, the basis for the

3  *Palmer* court's reconsideration was the passage of Proposition 64, which it concluded was to be

4  applied retroactively.  Because the plaintiff had not lost money or property as a result of the

5  allegedly unfair and unlawful activities in which defendants engaged, she could not satisfy

6  Proposition 64's standing requirements.  *Palmer v. Stassinos,* 419 F. Supp. 2d 1151, 1154 (N.D.

7  Cal. 2005).  Here, it is undisputed that Plaintiff has lost money as a result of Gallagher's

8  allegedly unlawful business practices.  (*See* Docket No. 31 at 6 n.1.)

9    The Court also concludes that, upon review of the proffered motion for reconsideration,

10  Gallagher reargues points previously asserted to the Court and, in essence, merely expresses its

11  disagreement with the Court's decision.  For these reasons, Gallagher's motion for leave to file

12  a motion for reconsideration is DENIED.

13    Gallagher also has filed a motion to certify the Order denying the motion to dismiss for

14  interlocutory appeal and set the matter for a hearing on March 30, 2007.  Plaintiff's Opposition

15  shall be due on March 2, 2007, and Gallagher's reply shall be due on March 9, 2007.  If the

16  Court finds the matter suitable for disposition for oral argument, it shall notify the parties in

17  advance of the hearing date.  If the parties wish to modify this briefing schedule, they shall file

18  a stipulation or a request that must demonstrate good cause for an extension.

19    **IT IS SO ORDERED.**

20

21  Dated: February 13, 2007

22  JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

2