IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SELF-INSURERS' SECURITY FUND,<br><br>    Plaintiff,<br><br>  v.<br><br>GALLAGHER BASSETT SERVICES, INC.<br><br>    Defendant.<br>_____/ | No. C 06-02828 JSW<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR CERTIFICATION PURSUANT TO 28 U.S.C. § 1292(b)** |

## INTRODUCTION

This matter comes before the Court upon consideration of a timely motion for certification pursuant to 28 U.S.C. § 1292(b) filed by Defendant Gallagher Bassett Services, Inc. ("Gallagher"). Having considered the parties' pleadings and relevant legal authority, the Court finds the matter suitable for disposition without oral argument. *See* N.D. Civ. L.R. 7-1(b). The hearing set for March 30, 2007 is HEREBY VACATED. For the reasons set forth in the remainder of this Order, Gallagher's motion is DENIED.

## BACKGROUND

On February 2, 2007, this Court denied Gallagher's motion to dismiss the fifth claim for relief asserted by Plaintiff, Self-Insurers' Security Fund ("SISF"), against Gallagher, which alleges a violation of California Business and Professions Code § 17200. (Docket No. 31.) The focus of the Court's Order was on Gallagher's argument that SISF lacked standing to pursue that claim for relief, although the Court also denied Gallagher's motion on other grounds as well. (*See id.* at 6 n.2.) Gallagher now asks the Court to certify three questions for appeal: (1)

do SISF's allegations establish injury in fact for Article III standing; (2) is SISF required to plead inadequacy of legal remedy or irreparable harm, and, if so, has it done so; and (3) can SISF plead inadequacy of legal remedy or irreparable harm when based upon potential future harm that can be redressed with damages and for which California Labor Code § 3744(c) provides a specific right of action.

## ANALYSIS

Pursuant to 28 U.S.C. § 1292(b), a district court may certify for interlocutory appeal an otherwise non-appealable order when: (1) the order involves a controlling question of law; (2) as to which there is substantial ground for a difference of opinion; and (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b). Certification for interlocutory appeal should be applied sparingly and only granted in exceptional situations in which allowing an interlocutory appeal would avoid protracted and expensive litigation. *See, e.g., In re Cement Antitrust Litigation*, 673 F.2d 1020, 1026 (9th Cir. 1982); *United States v. Woodbury*, 263 F.2d 784, 788 n.11 (9th Cir. 1959).

Although standing is a threshold question and, thus, one that could be considered a controlling question of law in some circumstances or the resolution of which might materially advance the termination of the litigation, the focus of SISF's Section 17200 claim is on Gallagher's alleged business practices and whether those practices cause it injury. The Court has considered Gallagher's arguments and concludes that it has not met its burden to show an interlocutory appeal is warranted.

The Court wishes to reiterate to the parties that it resolved the standing question on a motion to dismiss. Nothing in the Court's order denying that motion, nor the Court's resolution of either the order denying Gallagher's motion for reconsideration or this motion should be construed as precluding Gallagher from raising the question of standing on a motion for summary judgment. *See, e.g., Lewis v. Casey*, 518 U.S. 343, 358 (1996) ("At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss we presume that general allegations embrace those specific facts necessary that are necessary to support the claim. In response to a summary judgment motion

1 however, the plaintiff can no longer rest on such mere allegations, but must set forth by
2 affidavit or other evidence specific facts, which for purposes of the summary judgment motion
3 will be taken to be true. And at the final stage, those facts (if controverted) must be supported
4 adequately by the evidence adduced at trial.") (citing *Lujan v. Defenders of Wildlife*, 504 U.S.
5 555, 561 (1992)).

6 **IT IS SO ORDERED.**

7 Dated: March 13, 2007

8 _____
   JEFFREY S. WHITE
   UNITED STATES DISTRICT JUDGE