IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SELF-INSUREDS' SECURITY FUND,

    Plaintiff,

  v.

GALLAGHER BASSETT SERVICES, INC.,

    Defendant.

No. C 06-02828 JSW

**ORDER DENYING WITHOUT PREJUDICE DEFENDANT GALLAGHER BASSET SERVICES, INC.'S MOTION TO BIFURCATE TRIAL**

## INTRODUCTION

This matter comes before the Court upon consideration of the motion to bifurcate trial filed by Defendant Gallagher Basset Services, Inc. ("Gallagher"). Having considered the parties' pleadings, relevant legal authority, and the record in this case, the Court finds the matter suitable for disposition without oral argument. *See* N.D. Civ. L.R. 7-1(b). The Court DENIES WITHOUT PREJUDICE Gallagher's motion and VACATES the hearing set for May 18, 2007.

## BACKGROUND

On March 27, 2006, Plaintiff, Self Insureds' Security Fund ("the Fund") filed this action against Gallagher in San Francisco Superior Court. On April 25, 2006, Gallagher removed the action to this Court. On September 25, 2006, the Fund filed an Amended Complaint, in which it added a claim for relief under California Business and Professions Code § 17200 ("Section 17200"). The Fund also asserts claims for statutory reimbursement, breach of contract, breach of statutory duty, and negligence.

On February 2, 2007, the Court denied Gallagher's motion to dismiss the Section 17200 claim. On February 13, 2007 and March 13, 2007, respectively, the Court denied Gallagher's motions for leave to file a motion to reconsider and for certification for interlocutory appeal. Gallagher now moves to bifurcate the trial on the Section 17200 claim from trial on the Fund's remaining claims.

The Fund's claims arise in part out of allegations that Gallagher underestimated the amount of workers' compensation liabilities of House2Home f/k/a Home Base ("Home Base"), a private self-insurer. The Fund claims when Home Base filed for bankruptcy and the Fund assumed responsibilities for the management and payment of Home Base workers' compensation claims, a security deposit that Home Base posted, based on Gallagher's estimates, was not adequate to cover these claims. It is undisputed that with respect to the first four causes of action in the Amended Complaint, the focus is on Gallagher's alleged actions with respect to Home Base.[1]

With respect to its Section 17200 claim, the Fund alleges that "Gallagher has engaged in a pattern and practice of bidding and obtaining TPA agreements with California self-insureds and then administering said contracts in a manner contrary to established regulations, practices and procedures for estimating workers' compensation liabilities." (Am. Compl. ¶ 53.) The Fund contends that this alleged pattern and practice "results in annual reports being filed with the DIR that underestimate the workers' compensation liabilities of the self-insureds." (*Id.*)

**ANALYSIS**

The question of whether to bifurcate a trial is a matter committed to this Court's discretion. *See, e.g., Danjaq LLC v. Sony Corp.*, 263 F.3d 942, 961 (9th Cir. 2001). Federal Rule of Civil Procedure 42(b) provides:

> The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims, or issues, always preserving inviolate

---

[1] For the sake of convenience, the Court shall hereafter refer to the non-17200 claims as the "Home Base claims."

2

the right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statute of the United States.

As is set forth in the rule, when exercising its discretion a court may consider such factors as convenience, the need to avoid prejudice and confusion, and judicial economy. *Id.*; *see also Spectra-Physics Lasers, Inc. v. Uniphase Corp.*, 144 F.R.D. 99, 101 (N.D. Cal. 1992).

The parties do not dispute that this Court must try the Section 17200 claim. *See, e.g., Hodge v. Superior Court*, 145 Cal. App. 4th 278, 284-85 (2006). Nor does either party suggest that bifurcation would impinge upon its right to a trial by jury on the remaining state law claims. However, Gallagher argues that the evidence with respect to the Section 17200 claim is separate and distinct from evidence pertaining to the Home Base claims. Gallagher also asserts that evidence on the Home Base claims will have minimal relevance to the Section 17200 claim. Gallagher therefore argues that it would be inconvenient and confusing to the jury and would be prejudicial to Gallagher to present substantive evidence on the Section 17200 claim at the same time the Fund presents evidence on the Home Base claims. The Fund counters that there will be substantial overlap in the evidence between the Home Base claims and the Section 17200 claim. Thus, the Fund argues that two trials would not be convenient and that steps can be taken to avoid potential prejudice to Gallagher, such has hearing evidence on the Section 17200 claim after the jury has been released for the day.

Assuming for the sake of argument that evidence regarding Gallagher's actions with respect to the Home Base evidence is relevant to the Section 17200 claim, it would be efficient for the Court to hear that evidence once, rather than to have it presented again at a trial on the Section 17200 claim. However, the Court also finds persuasive Gallagher's argument that hearing these trials concurrently may, in fact, prolong a jury's service unnecessarily. However, contrary to Gallagher's assertion, the Court is flexible with the hours it hears trials and shall adjust those times if necessary.

At this stage of the proceedings, the Court concludes that Gallagher has not met its burden to show bifurcation is warranted, primarily because the Court has no context for the parties' arguments regarding the overlap and relevance, or lack thereof, of evidence. Although

3

1  the issues in this case indeed may be bifurcated easily, the Court does not at this time believe
2  that judicial economy would be served by hearing the two cases seriatum, rather than
3  concurrently. Further, the Court is not persuaded at this time that bifurcation is required to
4  avoid prejudice to Gallagher.
5       Accordingly, Gallagher's motion is DENIED. However, because discovery is on going
6  and because circumstances may change as this case approaches trial, the Court's ruling is
7  without prejudice to Gallagher renewing its request for bifurcation in connection with the
8  submissions due to the Court before the pretrial conference.
9  **IT IS SO ORDERED.**

Dated: May 8, 2007

_____
JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

4